[Civil No. 4147.   Filed November 22, 1943.]

[141 Pac. (2d) 847.]

CHARLES E. BURTON, Appellant v. ERNA VALENTINE, Appellee.

Mr. Henderson Stockton, Mr. Eli Goredezky, Mr. S. N. Karam and Mr. J. W. Cherry, Jr., for Appellant.

Mr. Anthony T. Deddens, for Appellee.

STANFORD, J.—The appellant has submitted a motion for rehearing in this cause and exception is taken in particular, to the fact that this court has based its opinion, in part, on Section 21–1019, Arizona Code 1939, which reads as follows:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court in-

struct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party. may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.''

By reason of the court's use of that paragraph, it is the contention of the appellant that the court was in error because the paragraph of the code in existence at the time of the trial of this cause in the superior court was Section 3820, Revised Code of 1928, which reads as follows:

*"Rulings, orders and instructions deemed excepted to.* The giving, refusing or modifying of instructions, and every part of the charge given to the jury, and all rulings, orders and actions of the court in a case shall be deemed excepted to, without formal exception, and reviewable by the supreme court.'',

Not only is our attention called to this error, but the motion also sets forth the grievance of counsel that by the misuse of the paragraph of the code of 1939, and the court's comments thereon, a great injustice has been done to counsel for appellants. We accordingly hasten to rectify this error and we delete from the opinion rendered in this cause on October 11, 1943, the following portion:

''In respect to further instructions we cite Section 21–1019, A. C. A., 1939:

'' 'At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its pro-

posed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.'

"We find that the appellant submitted no instructions and practically all of the instructions to which objections have been made in this court were submitted by the appellee and marked 'given' by the trial court, and no objections were raised to them. Practically the whole case of the appellant is brought to this court by him on the instructions.

"In the case of *Standard Oil Company of California vs. Shields,* 58 Ariz. 239, 119 Pac. (2d) 116, Chief Justice Lockwood, late of this bench, in keeping with the usual law of our state in commenting on instructions, stated the following:

" 'If any of the instructions were objectionable on the ground that they were ambiguous or did not fully state the law, defendants had a chance to object thereto before the jury retired to consider its verdict, and while it does appear that general objections were made to some of them, there is nothing in the record to show the particular point objected to nor the grounds of the objection. We are satisfied that no reversible error appears in the instructions.'

"As we might understand it, appellant in this case looked over the instructions submitted by appellee, and knowing the stock instructions of the court, must have especially consented to the instructions, for, as stated, he submitted none and made no objections. When instructions were offered, the appellant, who now complains, should have promptly objected, it being his duty, as the 'Arm of the Court' as well as in protection of his case, to promptly object.

"The case has been tried before a jury, and not nine, but twelve, jurors agreed, and in keeping with

this court's views, we will support the verdict of the jury and judgment of the court below.

"A litigant cannot omit the performance of a duty and then take the advantage of it. In other words, as stated, the appellant practically assented to all of these instructions by his failure to object, or failure to submit instructions of his own."

We find an inspection of the records in this cause that when the first complaint was filed in the Superior Court of Maricopa County, it was filed on July 3, 1937, and due to no fault of the attorneys for the appellant herein there apparently was a long delay in bringing the matter up for oral argument in this court. In fact it was not heard until the 16th day of June, 1943, and the opinion was rendered, as stated, in October, 1943. The mere fact of this great delay caused the court to believe the case was one coming under Section 21–1019, *supra,* which became effective June 1, 1940.

Recognition is given by this court of the high standing of each and everyone of the attorneys for appellant in this cause. The deletion of the paragraphs herein mentioned in no way otherwise shall affect the opinion rendered herein, but the action has been taken to correct this error and also to express to counsel our regret that the opinion might in any way reflect on their ability and standing as members of the Bar.

McALISTER, C. J., and ROSS, J., concur.